### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **KIA GAYMON, MICHAEL GAYMON** | : | |
| **and SANSHURAY PURNELL,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **No. 14-_____** |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **BOROUGH OF COLLINGDALE;** | : | |
| **POLICE OFFICER CARL WHITE;** | : | |
| **POLICE OFFICER WILLIAM** | : | |
| **ECKERT; POLICE OFFICER JOHN** | : | |
| **DOES 1-10,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT

## I.  PRELIMINARY STATEMENT

1.      This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the misconduct of police officers in the Collingdale Police Department who arrested plaintiffs Kia Gaymon and Sanshuray Purnell in retaliation for plaintiff Kia Gaymon using a cell phone to make a video recording of Collingdale police officers in the performance of their duties.

2.      Despite the fact that plaintiff Kia Gaymon's actions in videoing officers did not violate any criminal law and were constitutionally protected under the First Amendment, the defendant officers charged plaintiffs Kia Gaymon and Sanshuray Purnell with disorderly conduct under Pennsylvania law.

3.      Further, in order to accomplish the unlawful arrest of plaintiff Kia Gaymon, the defendant officers entered a home owned by plaintiffs Kia Gaymon and Michael Gaymon without consent or lawful authority.

4.     The patently improper and unlawful actions of the defendant officers are the direct result of the actions and inactions of defendant Borough of Collingdale, which has, with deliberate indifference, failed to train, supervise and discipline its officers concerning their obligations under the First and Fourth Amendments to the United States Constitution.

## II.  JURISDICTION

5.     This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

## III.  PARTIES

6.     Plaintiffs Kia Gaymon, Michael Gaymon and Sanshuray Purnell were at all times relevant to this Complaint residents of Collingdale, Pennsylvania.

7.     Defendant Borough of Collingdale is a municipality in the Commonwealth of Pennsylvania which owns, operates, manages, directs, and controls the Collingdale Police Department.

8.     Defendant Police Officer Carl White is and was at all times relevant to this Complaint an officer in the Collingdale Police Department.  He is sued in his individual capacity.

9.     Defendant Police Officer William Eckert is and was at all times relevant to this Complaint an officer in the Collingdale Police Department.  He is sued in his individual capacity.

10.     Defendant Police Officer John Does 1-10 are and were at all times relevant to this Complaint officers in the Collingdale Police Department.  They are sued in their individual capacities.

11.     At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiffs.

12.     At all times relevant to this Complaint, all defendants acted under color of state law.

## IV.  FACTUAL ALLEGATIONS

### A.  The Defendant Officers' Unlawful Arrest of Plaintiffs and Unlawful Entry of Plaintiffs' Home

13.     Plaintiff Kia Gaymon is 38 years old and has a Masters of Social Work from Temple University in Philadelphia.  She is employed as a social work supervisor for a nonprofit agency providing direct services to elderly residents of Philadelphia.

14.     Plaintiff Michael Gaymon is 35 years old and is presently completing his college education.  He is employed as a technician with a major telecommunications utility.

15.     Plaintiffs Kia Gaymon and Michael Gaymon are married and have two children, including a 21-year-old daughter, plaintiff Sanshuray Purnell, and a 10-year-old son.

16.     Plaintiffs Kia Gaymon and Michael Gaymon have owned a home in Collingdale, Pennsylvania and have lived in that home with their children since March 2007.

17.     On February 22, 2014, defendant Officer White and defendant Officer Eckert went to plaintiffs' home in response to a call made to police by plaintiffs' next-door neighbor.

18.     Plaintiffs' neighbor had apparently complained to police that plaintiff Michael Gaymon's mother, who was a guest at plaintiffs' home, had parked her car in such a way that the front tire was on the curb in front of the neighbor's house.

19.     Defendants White and Eckert approached plaintiffs as they were leaving their home for a family outing; defendant White began yelling at plaintiffs in an aggressive and accusatory manner, asking who had spit at plaintiffs' neighbor.

20.     Plaintiffs Kia Gaymon and Michael Gaymon protested to defendant White that they had done nothing wrong and that their neighbor had falsely accused them of spitting at her.

21.     In response to plaintiffs' complaints, defendant White aggressively approached plaintiff Michael Gaymon and placed his face within inches of plaintiff Michael Gaymon's face while yelling at him.

22.     Because she was concerned about the aggressive nature of defendant White's conduct, plaintiff Kia Gaymon took out her cell phone and began using it to make a video recording of defendant White.

23.     Plaintiff Kia Gaymon first videoed defendant White while standing outside her home, on the top step immediately outside her front door.

24.     Defendant White noticed plaintiff Kia Gaymon taking video of him and approached her.

25.     As defendant White approached plaintiff Kia Gaymon, she went inside her home; while there, she continued to video defendant White by either leaning around a storm door or videoing through the window in the storm door.

26.     While standing at the bottom of the steps leading up to the front entrance to plaintiffs' home, defendant White ordered plaintiff Kia Gaymon to cease videoing him.

27.     Defendant White told plaintiff Kia Gaymon that she could not video him because her doing so violated Pennsylvania's wiretap statute.

28.     In response, plaintiffs Michael Gaymon and Sanshuray Purnell, who was standing on the front stoop of the home immediately outside the front door, told defendant White that he was incorrect and that plaintiff Kia Gaymon had a right to make a video recording of defendant White.

29.     Defendant White told plaintiff Kia Gaymon that if she did not stop videoing him he would enter her house, take her cell phone from her and place her under arrest.

30.     Plaintiff Kia Gaymon opened the storm door at the front entrance of the home and told defendant White that he was not permitted to enter her home.

31.     Immediately thereafter, defendant White walked up the steps toward the front entrance as if he was going to enter the home.

32.     Before entering the home, however, defendant White grabbed plaintiff Sanshuray Purnell, placed her under arrest by handcuffing her and threatened to deploy his Taser against her.

33.     Defendant Eckert escorted plaintiff Sanshuray Purnell from the scene.

34.     Once plaintiff Sanshuray Purnell was removed from the front stoop, defendant White entered plaintiffs' home and ordered plaintiff Kia Gaymon to stop videoing him.

35.     Immediately after defendant White entered the home, plaintiffs Michael Gaymon and Kia Gaymon told defendant White that they did not consent to his entry of their home and that he was not permitted to be in their home.

36.     Defendant White ignored plaintiffs Michael Gaymon and Kia Gaymon, grabbed plaintiff Kia Gaymon, pushed her up against the wall and held his Taser against her chest.

37.     As defendant White did so, defendants Eckert and Does, fellow officers of the Collingdale Police Department, joined defendant White and placed plaintiff Kia Gaymon under arrest.

38.     Defendants White, Eckert and Does removed plaintiff Kia Gaymon from her home.

39.     Defendants White, Eckert and Does placed plaintiffs Kia Gaymon and Sanshuray Purnell in separate police vehicles and drove them to the Collingdale Police Station.

40.     Defendants White, Eckert and Does held plaintiffs Kia Gaymon and Sanshuray Purnell in their custody at the Collingdale Police Station.

41.     When defendant White, Eckert and Does released plaintiffs Kia Gaymon and Sanshuray Purnell, they stated that plaintiffs Kia Gaymon and Sanshuray Purnell would receive citations in the mail for disorderly conduct.

42.     Thereafter, plaintiffs Kia Gaymon and Sanshuray Purnell received citations alleging that they had committed the crime of disorderly conduct under 18 Pa. C.S. § 5503.

43.     As a result of the charges brought against them, plaintiffs Kia Gaymon and Sanshuray Purnell were required to retain counsel and attend court proceedings, and, as a result, remained seized until the conclusion of the proceedings.

44.     On May 22, 2014, plaintiffs Kia Gaymon and Sanshuray Purnell appeared for a trial before a Magisterial District Justice.

45.     After hearing testimony from defendant White, the Magisterial District Justice dismissed the charges brought against plaintiffs Kia Gaymon and Sanshuray Purnell, and, as such, the criminal proceedings were terminated in favor of plaintiffs Kia Gaymon and Sanshuray Purnell.

46.     Neither plaintiff Kia Gaymon nor plaintiff Sanshuray Purnell engaged in any actions that constituted disorderly conduct.

47.     Neither plaintiff Kia Gaymon nor plaintiff Sanshuray Purnell engaged in any actions which would give rise to probable cause to believe that they had committed the crime of disorderly conduct.

48.     Defendants White, Eckert and Does had no legal cause to believe that any plaintiff committed any crime in violation of any federal, state or local law.

6

49.   Notwithstanding the lack of any such legal cause, defendants White, Eckert and Does maliciously initiated a criminal prosecution against plaintiff Kia Gaymon and plaintiff Sanshuray Purnell.

50.   Defendants White, Eckert and Does had no legal cause to enter plaintiffs' home, nor did plaintiffs consent to defendants' entry of the home.

51.   Notwithstanding the lack of any legal cause and/or consent, defendants White, Eckert and Does entered plaintiffs home.

52.   The actions of defendants White, Eckert and Does as described above were committed in retaliation for plaintiffs' engaging in protected First Amendment activity, including:

      a.   Making a video recording of defendant White and other officers of the Collingdale Police Department;

      b.   Disagreeing with defendant White when he informed plaintiff Kia Gaymon that she was not permitted to video him under the wiretap law; and

      c.   Protesting against the actions of defendants White, Eckert and Does in entering plaintiffs' home.

53.   To the extent any of the defendants identified above did not participate in the actions outlined above, those defendants failed to intervene to prevent the unlawful and retaliatory arrest and malicious prosecution of plaintiffs Kia Gaymon and Sanshuray Purnell and the unlawful entry of plaintiffs' home.

54.   At all times relevant to this Complaint, the conduct of defendants White, Eckert and Does was in willful, reckless, and callous disregard of plaintiffs' rights under federal and state law.

55.     As a direct and proximate result of the conduct of all defendants, plaintiffs suffered and continue to suffer substantial damages, including physical and psychological harm, pain and suffering and financial losses, some or all of which may be permanent.

### B.  Defendant Borough of Collingdale's Failure to Train, Supervise and Discipline the Defendant Officers

56.     The actions of defendants White, Eckert and Does are the direct result of the failure on the part of the Borough of Collingdale, with deliberate indifference, to properly train, supervise and discipline its employee officers concerning critical policing responsibilities.

57.     Defendant White's statement to plaintiffs that plaintiff Kia Gaymon was not permitted to video him in the performance of his duties under Pennsylvania's wiretap law was legally incorrect.

58.     In a decision pre-dating the incident in this case by nearly 25 years, the Pennsylvania Supreme Court ruled that Pennsylvania's wiretap law did not preclude members of the public from surreptitiously recording a police officer in the performance of the officer's duties.

59.     In light of that holding, the U.S. Court of Appeals for the Third Circuit ruled in a 2010 published decision that police officers in Pennsylvania cannot, consistent with the Fourth Amendment, arrest a civilian for recording officers' actions in public.

60.     In light of these legal precedents, defendant Borough of Collingdale was aware, or reasonably should have been aware, of the need to train its officers that they may not arrest civilians who record them in the performance of their duties.

61.     Further, in the several years preceding the incident in this case, defendant Borough of Collingdale was aware, or reasonably should have been aware, that due to rapid developments in technology leading to ever more advanced cell phones with video and audio

8

recording capabilities, the ability of civilians to record police in the performance of their duties increased substantially.

62.      Defendant Borough of Collingdale was aware, or reasonably should have been aware, from several widely publicized national and local news events that police practices should be adapted and revised to account for the increased likelihood that officers would be recorded in the performance of their duties.  Those events included the following:

a.  The publication in September 2011 by Commissioner Charles Ramsey of the Philadelphia Police Department of a memorandum advising police and members of the public that citizens have a First Amendment right to record officers in the performance of their duties and that officers may not arrest a citizen merely for recording officers;

b.  The filing and publication in May 2012 of an opinion letter by the U.S. Department of Justice in a civil rights matter brought in the U.S. District Court for the District of Maryland detailing the federal government's position that citizens have a First Amendment right to record police officers in the performance of their duties;

c.  The publication in November 2012 by Commissioner Charles Ramsey of the Philadelphia Police Department of a detailed directive outlining specific procedures to be undertaken by officers when encountering a citizen recording officers in the performance of their duties and expanding upon the explanations provided in the September 2011 memorandum described above as to the First Amendment rights of citizens to record police in the performance of their duties; and

    d.   The filing of lawsuits throughout 2013 by civil rights and civil liberties groups in Philadelphia alleging that local police departments had not properly trained, supervised and disciplined their officers concerning the rights of citizens to record officers in the performance of their duties.

63.    In light of these events and in light of the proliferation of smart phones with recording capability, it was obvious, or reasonably should have been obvious, to defendant Borough of Collingdale that its police officers would encounter civilians who recorded officers in the performance of their duties.

64.    Notwithstanding the obvious and highly likely potential for such encounters, defendant Borough of Collingdale, with deliberate indifference, provided no training, supervision or discipline to its officers regarding the rights of citizens to video police in the performance of their duties.

65.    As such, the violations of plaintiffs' constitutional rights by defendants White, Eckert and Does and plaintiffs' damages are the direct and proximate result of the actions and inactions of defendant Borough of Collingdale.

## V.  CAUSES OF ACTION

### Count I
### Plaintiffs Kia Gaymon and Sanshuray Purnell v. Defendants White, Eckert and Does
### Fourth Amendment Violation – Unlawful Arrest

66.    The actions of defendants White, Eckert and Does in arresting plaintiffs Kia Gaymon and Sanshuary Purnell without probable cause violated plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful arrest.

**Count II**
**Plaintiffs Kia Gaymon and Sanshuray Purnell v. Defendants White, Eckert and Does**
**Fourth Amendment Violation – Malicious Prosecution**

67.     The actions of defendants White, Eckert and Does in initiating criminal charges

against plaintiffs Kia Gaymon and Sanshuary Purnell without probable cause and with malice

where the criminal charges were terminated favorably to plaintiffs violated plaintiffs' rights

under the Fourth and Fourteenth Amendments to the United States Constitution to be free from

malicious prosecution.

**Count III**
**Plaintiffs Kia Gaymon and Sanshuray Purnell v. Defendants White, Eckert and Does**
**First Amendment Violation – Retaliatory Arrest**

68.     Plaintiff Kia Gaymon had a First Amendment right to record defendants White,

Eckert and Does in the performance of their duties and plaintiffs Kia Gaymon and Sanshuray

Purnell had a First Amendment right to verbally express their disagreement with and challenge

the authority of defendants White, Eckert and Does, and the actions of defendants White, Eckert

and Does in arresting and charging plaintiffs Kia Gaymon and Sanshuray Purnell were in

retaliation for the exercise of these First Amendment rights.

**Count IV**
**Plaintiffs Kia Gaymon, Michael Gaymon and Sanshuray Purnell**
**v. Defendants White, Eckert and Does**
**Fourth Amendment Violation – Unlawful Search**

69.     The actions of defendants White, Eckert and Does in entering plaintiffs' home

without a warrant, without exigent circumstances and without consent violated plaintiffs' rights

under the Fourth and Fourteenth Amendments to the United States Constitution to be free from

an unreasonable search.

**Count V**
**Plaintiffs v. Defendant Borough of Collingdale**
**Municipal Liability Claims**

70.     The violations of plaintiffs' constitutional rights under the First, Fourth and

Fourteenth Amendments to the United States Constitution, plaintiffs' damages, and the conduct

of the individual defendants were directly and proximately caused by the actions and/or inactions

of defendant Borough of Collingdale, which has encouraged, tolerated, ratified, and has been

deliberately indifferent to the following policies, patterns, practices, and customs, and to the need

for more or different training, supervision, investigation, or discipline in the areas of:

a.   Officers' understanding and knowledge of the First Amendment rights of
     citizens to record police officers in the performance of their duties;

b.   Officers' understanding and knowledge of the First Amendment rights of
     citizens to verbally express their disagreement with and challenge the
     authority of police officers;

c.   Officers' understanding of Pennsylvania criminal law, and, specifically,
     officers' understanding of Pennsylvania's wiretap law and the fact that the law
     does not preclude citizens from recording police in the performance of their
     duties;

d.   Officers' understanding of the limitations on their authority to enter the homes
     of private citizens;

e.   The proper exercise of police powers;

f.   The monitoring of officers whom it knew or should have known were
     suffering from emotional and/or psychological problems that impaired their
     ability to function as officers;

12

g.  The failure to identify and take remedial or disciplinary action against police

officers who were the subject of prior civilian or internal complaints of

misconduct;

**Count VI**
**Plaintiffs Kia Gaymon and Sanshuray Purnell v. Defendants White, Eckert and Does**
**State Law Torts**

71.     The actions of defendants White and Does constitute the torts of false arrest, false

imprisonment and malicious prosecution under the laws of the Commonwealth of Pennsylvania.

**Wherefore**, plaintiffs respectfully request:

A.    Compensatory damages as to all defendants;

B.    Punitive damages as to defendants White, Eckert and Does;

C.    Reasonable attorneys' fees and costs as to all defendants;

D.    Such other and further relief as may appear just and appropriate.

Plaintiffs hereby demand a jury trial.

Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
jfeinberg@krlawphila.com
*Counsel for Plaintiff*